IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GINGER M. VICKERS,                            )
                                              )
            Plaintiff,                        )
                                              )
      v.                                      )      Civil Action No. 24-78
                                              )
COMMISSIONER OF SOCIAL SECURITY,              )
                                              )
                                              )
            Defendant.                        )

O R D E R

AND NOW, this 25th day of March, 2025, upon consideration of the parties' cross-

motions for summary judgment, the Court, after reviewing the Commissioner of Social

Security's final decision denying Plaintiff's claim for disability insurance benefits under

Subchapter II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.*, and her claim for

supplemental security income benefits under Subchapter XVI of the Act, 42 U.S.C. §§

1381 *et seq.*, finds that the Commissioner's findings are supported by substantial evidence

and, accordingly, affirms.    *See* 42 U.S.C. § 405(g); *Biestek v. Berryhill*, 139 S. Ct. 1148,

1153-54 (2019); *Jesurum v. Secretary of U.S. Dep't of Health & Human Servs*, 48 F.3d

114, 117 (3d Cir. 1995) (citing *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988)).

*See also Berry v. Sullivan*, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by

substantial evidence, the Commissioner's decision must be affirmed, as a federal court may

1

neither reweigh the evidence, nor reverse, merely because it would have decided the claim

differently) (*citing Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981)).[1]

---

[1]    Plaintiff contends the Administrative Law Judge ("ALJ") did not follow this Court's previous remand order directing him to resolve the conflict between Plaintiff's residual functional capacity ("RFC") limiting her to both unskilled work at the Specific Vocational Preparation ("SVP") 1 or 2 levels and one to two step instructions.   (Doc. No. 8; R. 1048).   In the decision on appeal, the ALJ removed the limitation to one to two step instructions in Plaintiff's RFC finding, but Plaintiff contends that this did not follow this Court's order and that the ALJ's explanation for the removal of this limitation was not adequate.   (Doc. No. 8).   As a result, Plaintiff contends the ALJ's November 14, 2023 decision is not supported by substantial evidence and that this Court should reverse the decision and order calculation for award of benefits.   (*Id.*).   After review, the Court disagrees with Plaintiff and finds the ALJ's November 14, 2023 decision should be affirmed for the following reasons.

This Court previously remanded a prior ALJ decision in this case with instructions that the ALJ reconsider the RFC determination as there were concerns that the record triggered a conflict between the limitation to one to two step instructions and occupations with a GED reasoning development level 2.   *Vickers v. Comm'r of Soc. Sec.*, No. 21-1093, 2022 WL 1620076, at *6 (W.D. Pa. May 23, 2022).   In that case, the ALJ arrived at an RFC that limited Plaintiff to, *inter alia*, "unskilled work at the SVP 1 or two levels" and "to one or two step instructions."   *Id.* at *2.

In the November 14, 2023 ALJ decision, now on appeal, the ALJ concluded that Plaintiff had an RFC with the following mental limitations:

- She can apply commonsense understanding to carry out detailed but uninvolved written or oral instructions;
- She can deal with problems involving a few concrete variables in or from standardized situations;
- Work duties and any changes must be explained, written, and/or demonstrated, and could be learned in 30 days or less;
- Work must not be fast-paced and not have strict production rates such as assembly line work or hourly time quotas; [and]
- She can have frequent interaction with others.

(R. 1819).

In determining this RFC and complying with this Court's remand order, the ALJ evaluated and gave partial weight to the opinions of Drs. Steven Pacella, Ph.D., and

2

Timothy Ostrich, Psy.D.   (R. 1826-27).   Dr. Pacella opined that Plaintiff had marked limitations in understanding, remembering, and carrying out complex instructions, in making judgments on complex work-related decisions, and in interacting appropriately with supervisors.   (Ex. 24F/8-9).   The ALJ found persuasive the limitation that Plaintiff could not deal with complex instructions and decisions due to her memory deficits but explained that Dr. Pacella's clinical findings and the record showed that Plaintiff could perform simple work with no fast-paced work or production quotas and occasional interaction with others.   (R. 1819, 1827).   Additionally, Dr. Ostrich opined, in pertinent part, that Plaintiff "could understand, retain, and follow simple job instructions (i.e., perform one and two step tasks) and perform simple, routine, repetitive tasks in a stable environment[.]"   (R. 1827 (citing Ex. 1A)).   The ALJ gave this opinion partial weight and explained that he did not limit Plaintiff to one and two step tasks because "simple routine repetitive tasks may be considered vague and internally inconsistent with 'mild deficits in executive functioning[.]'"   (R. 1827).   In this way, the ALJ explained the changes made to the RFC to comply with this Court's prior remand order.

In this appeal, Plaintiff contends that the ALJ erred in removing the one to two step instruction limitation in the RFC because this Court's remand order did not demand that it be removed; rather it just instructed that the conflict within the previous RFC be addressed. (Doc. No. 8 at 9-19).   The Court rejects Plaintiff's argument because when it remanded the previous RFC it did not affirm or resolve any part of the RFC, it instead remanded the case for further evaluation and the ALJ's prior decision was vacated by Appeals Council. (R. 1802-03, 1807).   While the Court acknowledges that it stated that it did not "make any broad findings as to whether the limitation to one or two step instructions necessarily restricts Plaintiff to jobs with a reasoning level of 1[,]" it also instructed the ALJ to "address the potential conflict between Plaintiff's RFC and the GED level 2 occupations relied upon."   *Vickers*, 2022 WL 1620076, at *3.   The ALJ was not bound by his previous decision as Plaintiff's RFC finding in the decision at issue was decided *de novo*. *HALLEX: Hearings, Appeals and Litigation Law Manual* § 1-2-8-18(A), 1993 WL 643058 (May 26, 2017).   Thus, the ALJ was under no obligation to include the one to two step instruction limitation in the latest RFC.

Plaintiff also argues that the ALJ should have kept the one to two step instruction limitation in her RFC as it was consistent with and supported by the record.   (Doc. No. 8 at 7-11).   Plaintiff points to the opinion of Dr. Lindsey Groves, Psy.D., in support of this proposition.   Dr. Groves performed two cognitive evaluations and found that Plaintiff had severe deficits in memory, mild deficits in executive functioning and verbal fluency, and that Plaintiff showed a decline in cognitive functioning between the time of her two evaluations in 2010 and 2018.   (Ex. 17F/8).   Plaintiff overlooks, however, that the ALJ considered both of Dr. Groves' opinions and assigned them some weight and little weight, respectively. (R. 1826).   The ALJ noted that he accounted for some of Dr. Groves' assessed limitations because they were "generally consistent with and based on the contemporaneous testing with

3

the WAIS-IV and WRAML-s testing showing normal cognitive functioning other than in the area of immediate memory and variable attention." (*Id.*). However, he found Dr. Groves' later assessed limitations, where she opined that Plaintiff "would be unable to sustain gainful employment" only of little weight because they were conclusory, did not address specific functional limitations, and opined on disability, which is an issue reserved for the Commissioner. (*Id.*). Accordingly, the Court construes Plaintiff's argument on this point as merely a request to reweigh the evidence.

Plaintiff next argues that the ALJ's RFC is not supported by substantial evidence because the ALJ did not sufficiently explain why the one to two step instruction limitation was removed. (Doc. No. 8 at 12-15). Plaintiff contends that the ALJ did not explicitly reject Dr. Ostrich's limitation to one and two step instructions and that the ALJ's "explanation" that the one to two step instruction limitation "may be . . . internally inconsistent with 'mild deficits in executive functioning,'" is not a finding that facilitates meaningful judicial review. (*Id.* at 13-14). The Court disagrees. As noted, in evaluating Dr. Pacella's opinion, opining that Plaintiff be limited to one and two step instructions, the ALJ explained that he did not adopt this limitation because "simple routine repetitive tasks may be considered vague and internally inconsistent with 'mild deficits in executive functioning[.]'" (R. 1827). The Court finds this is an adequate explanation for the ALJ's exclusion of this limitation as it provides a satisfactory explanation for the ALJ's basis to exclude this limitation. *See Fargnoli v. Massanari*, 247 F.3d 34, 41 (3d Cir. 2001) (quotations and citation omitted) (explaining the RFC assessment must "be accompanied by a clear and satisfactory explication on the basis on which it rests."). In this way, the ALJ explained the changes made to the RFC to comply with this Court's prior remand order.

Lastly, Plaintiff posits that the ALJ erred by incorporating the definition of reasoning level 2 into the RFC in a blatant attempt to avoid this Court's previous instructions on remand. (Doc. No. 8 at 15-17). Plaintiff points to the ALJ's inclusion of two limitations in her RFC, specifically: "[s]he can apply common sense understanding to carry out detailed but uninvolved written or oral instructions; [and] [s]he can deal with problems involving a few concrete variables in or from standardized situations[.]" (R. 1819). Plaintiff contends that these limitations were not the product of thoughtful consideration of the record as the ALJ simply copied and pasted the reasoning level 2 limitations. (Doc. No. 8 at 15-17). The Court disagrees. The ALJ explained that he limited Plaintiff to simple work due, in part, to the opinions of Drs. Pacella and Ostrich. (R. 1826-27). Indeed, as noted, the ALJ explained that he assigned both of these opinions partial weight and agreed with Dr. Pacella's finding that Plaintiff could not deal with complex instructions and decisions. (R. 1819, 1827). Plaintiff's contention that the ALJ was bound by the law of the case doctrine to keep the previous RFC limitation to one to two step instructions is without merit for the reasons stated above. Accordingly, the Court rejects Plaintiff's arguments on this point.

4

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary

Judgment (Doc. No. 7) is DENIED and that Defendant's Motion for Summary Judgment

(Doc. No. 14) is GRANTED.

s/Mark R. Hornak
Chief United States District Judge

ecf:        Counsel of record

---

All told, the ALJ's findings and conclusions are supported by substantial evidence
and the decision of the Commissioner must be affirmed.